**In the Matter of GRAND JURY PROCEEDINGS.**

**The UNITED STATES of America, Plaintiff-Appellee,**

v.

**Diana Lynn Kindvall ANTILL, Defendant-Appellant.**

**No. 78–2328.**

United States Court of Appeals, Ninth Circuit.

July 13, 1978.

Gary V. Scales, Asst. U. S. Atty., Phoenix, Ariz., on brief for plaintiff-appellee.

David M Heller, Asst. Public Defender, Phoenix, Ariz., on brief for defendant-appellant.

Before KILKENNY, ANDERSON and HUG, Circuit Judges.

HUG, Circuit Judge:

Upon the petition of the government the district court ordered Diana Lynn Kindvall Antill to provide certain handwriting exemplars to the grand jury which is conducting an investigation of alleged crimes of bank robbery, receiving stolen bank proceeds and conspiracy in the District of Arizona and elsewhere. She refused and the court cited her for contempt and ordered

that she be committed to the custody of the Attorney General for the life of the current grand jury or until she presented the requested handwriting exemplars. Diana Antill appealed the order and sought release on bail pending appeal, which was denied. She has filed a motion before this court for release on her own recognizance or to set bail pending appeal.

Mrs. Antill's appeal raises three issues:

1. That the request for exemplars was the fruit of an illegal wiretap and the government failed to affirm or deny her assertions.

2. That the grand jury investigation exceeded the grand jury's jurisdiction.

3. That the order required Mrs. Antill to provide handwriting of specific phrases which violated her Fifth Amendment rights.

■ It is the contention of Mrs. Antill with regard to the first issue that during telephone conversations with her attorney concerning the grand jury investigation she heard clicking noises. The foundation for the allegation of illegal electronic surveillance is slight. The government has attached to its brief a broad, general denial of any such electronic surveillance of Mrs. Antill through affidavits of the Assistant United States Attorney and the Special Agent of the FBI responsible for the investigation. Although it would have been preferable to have presented this evidence to the district court, we find that this showing is sufficient at this stage of the proceedings. This procedure was specifically approved by the Second and Seventh Circuits. *Korman v. United States,* 486 F.2d 926 (7th Cir. 1973); *In Re Buscaglia,* 518 F.2d 77 (2nd Cir. 1975). The United States is currently conducting a more thorough search of possible surveillance by all relevant agencies as prescribed in *United States v. Alter,* 482 F.2d 1016 (9th Cir. 1973). Should the results of that search when reported to the district court reveal that illegal electronic surveillance took place, appropriate action can be taken at that time by the court.

The second issue raised by Mrs. Antill does not have merit. There is no substantial evidence that the grand jury is performing other than its prescribed function of investigating possible crimes committed within its jurisdiction.

■■ The third contention concerns the nature of the handwriting exemplar requested. It is clear that compelling handwriting samples for identification purposes does not violate the Fifth Amendment privilege against self-incrimination. *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Mrs. Antill objects to the request for handwriting samples of specific phrases. The petition of the government attaches an Appendix B which is attached to this opinion indicating the handwriting samples desired. The first paragraph of Appendix B contains phrases which would appear to involve testimonial statements. However, the petition of the government and supporting material clearly indicate that the purpose and intended use of the exemplars, including the requested phrases, was only to provide handwriting samples. The specific phrases in the first paragraph of the requested exemplar are to serve only as examples of Mrs. Antill's handwriting and not as testimonial expressions of the truth of those phrases. As so construed the requested handwriting sample of these phrases does not constitute a violation of Mrs. Antill's privilege against self-incrimination under the Fifth Amendment.

The order of the district court directed Mrs. Antill to "give handwriting exemplars this date to an agent of the Federal Bureau of Investigation, Phoenix, Arizona." In order to avoid possible misunderstanding at a later date in the use of the handwriting exemplars and it being apparent that the words and phrases requested in the first paragraph would not provide examples of handwriting not adequately covered in the remainder of the request, this court deems it advisable to construe the contempt order so as to permit the release of Mrs. Antill upon her providing the handwriting exemplars requested exclusive of the first paragraph of Appendix B attached hereto.

The order of contempt and the sentence imposed is affirmed as thus construed so as

to permit Mrs. Antill's release upon her providing the handwriting exemplars requested, exclusive of the first paragraph. The motion for release or to set bail is denied.

### APPENDIX "B"

PROPOSED HANDWRITING TEXT FOR DIANA LYNN KINDVALL ANTILL

My name is DIANA LYNN KINDVALL ANTILL. I am _____ years of age and my birth date is _____. I was born in _____. I have resided in Phoenix, Arizona since December, 1977. Prior to moving to Arizona, I resided in Bend, Oregon and Vancouver, Washington.

Alphabet (Written – Upper case).

Alphabet (Written – Lower case).

Alphabet (Printed – Upper case).

Alphabet (Printed – Lower case).

Numbers – 1, 2, 3, 4, 5, 6, 7, 8, 9, 0.

Words – First, Second, Third, Fourth Fifth, Sixth, Seventh, Eighth, Ninth, Tenth. (Written).

Words – First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth. (Printed).

The words as follows:

Alabama
Arkansas
Arizona
Florida
Indiana
New York
Arizona
Tennessee
Washington

Names:

Diana Lynn Kindvall Antill
Louise W. August
J. August
Barbara Joan Miller
Kathy Baker
Ann Klein
Ann Kline
Ann Cline

Print: 335 N.W. State
      Bend, Oregon 97701